**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DONTE RAY KNIGHT,                    *

    Plaintiff,                          *

        v.                              *          Civil Action No. JRR-21-2408

DIRECTOR GAIL WATTS, *et al.*,        *

    Defendants.                         *
                         ***

## MEMORANDUM OPINION

Self-represented plaintiff, Donte Ray Knight, an inmate presently incarcerated at Eastern Correctional Institution in Westover, Maryland, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983 against Gail Watts, the Director of the Baltimore County Detention Center ("BCDC"); and Corporal B. Brown, the BCDC Librarian. ECF No. 1. Plaintiff alleges that during his pretrial detention at BCDC, Cpl. Brown intentionally and repeatedly denied his requests for legal materials, and he was prohibited from visiting the law library in an effort to decrease the spread of COVID-19. *Id.* at 2-5. He claims that by hindering his access to courts, Defendants obstructed his ability to defend himself in a separate federal civil suit, *Knight v. Watts*, Civil Action No. ELH-21-56 (D. Md. 2022) ("*Knight I*"). *Id.* at 2-6. Plaintiff seeks monetary damages. *Id.* at 6.

On March 4, 2022, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff fails to state a claim upon which relief can be granted. ECF No. 9. On March 23, 2022, Plaintiff requested discovery pursuant to Rule 56(d) (ECF No. 12), and on April 18, 2022, he filed a Motion for Leave to File an Amended Complaint (ECF No. 15). On May 19, 2022, Plaintiff filed a response in opposition to Defendants' Motion to Dismiss. ECF No. 16.

Having reviewed the submitted materials, the court finds that no hearing is necessary. Local Rule 105.6 (D. Md. 2021). Plaintiff's request for discovery pursuant to Rule 56(d), which governs motions for summary judgment not motions to dismiss, is inapplicable and therefore denied. For the reasons set forth below, Defendants' Motion to Dismiss will be granted and Plaintiff's Motion to Amend shall be denied.

## Background

Plaintiff claims that from April 2020 until the time he filed the instant Complaint, inmate access to the BCDC library was limited to one visit per month in an effort to reduce COVID-19 exposure. Compl. ECF No. 1 at 2-3. However, BCDC inmates were allowed to submit four requests for library materials per week. *Id.* In April 2021, Plaintiff submitted requests for copies of federal cases and other legal materials to Cpl. B. Brown. *Id.* According to Plaintiff, his requests were either repeatedly denied or Cpl. Brown "would intentionally send the wrong cases or other legal materials" that were not relevant. *Id.*

On July 9, 2021, Plaintiff submitted a grievance regarding the improper handling of his requests for legal materials. *Id.* at 4. He claims that within two hours, a frantic Cpl. Brown visited him and "stated that she could not believe that I would do this to her and that if she knew that it was me requesting cases or other legal materials she would have made sure that I would have received it." *Id.* Cpl. Brown then "tried to explain why she could not fulfill some of [the] requests" and directed Plaintiff to have his family resend the requests. *Id.* at 4-5. Thereafter, Plaintiff mailed copies of his denied requests to this Court, in support of his opposition to the defendants' motions in *Knight I*. *Id.* at 5. He then initiated the instant suit, claiming that Defendants Watts and Cpl. Brown "are obstructing [his] access to courts by impeding [his] rights to Due Process." *Id.*

## Standard of Review

2

A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of the claims pled in a complaint." *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019).  To overcome a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of the plaintiff's claims, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in original) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).  However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[.]" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).  Accordingly, in ruling on a motion brought under Rule 12(b)(6), a court "separat[es] the legal conclusions from the factual allegations, assum[es] the truth of only the factual allegations, and then determin[es] whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012) (quoting *Iqbal*, 556 U.S. at 1949–50).

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Dismissal of a pro se complaint for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears '*beyond doubt* that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief.'" *Spencer v. Earley*, 278

F. App'x 254, 259–60 (4th Cir. 2008) (emphasis in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).  However, despite this liberal construction requirement, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments."  *Id.*

When ruling on a motion to dismiss, the Court may consider materials attached to the complaint without transforming the motion to dismiss into one for summary judgment.  *See* Fed. R. Civ. P. 10(c).  The Court may also consider materials attached to a motion to dismiss, so long as such materials are integral to the complaint and authentic.  *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## Discussion

### I.      Motion to Dismiss

At all times relevant to the claims raised in the case, Plaintiff was a pretrial detainee in Baltimore County, Maryland.  Accordingly, his claims are analyzed under the Fourteenth Amendment.  *See Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001).

Plaintiff's assertion that Defendants have failed to provide requested legal materials is construed as an alleged violation of due process rights under the Fourteenth Amendment, based on a lack of access to courts.  Indeed, prisoners have a constitutionally protected right of access to the courts.  *See Bounds v. Smith*, 430 U.S. 817, 821 (1977).  However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996).  Furthermore, the Fourth Circuit has held that local jails, designed for temporary detainment, are generally not required to have a law library.  *See Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'"  *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 355).  "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches."  *Lewis*, 518 U.S. at 349.  Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts.  *Id*. at 399.  Conclusory allegations are not sufficient in this regard.  *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (denying access to court claim based on allegation that petition for a writ of certiorari had, for unspecified reasons, been dismissed and where plaintiff did not even mention the point on appeal).  Rather, the complaint must contain a sufficient description of the predicate claim to permit an assessment of whether it is "nonfrivolous" or "arguable."  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Here, Plaintiff alleges that while at BCDC, he lacked meaningful access to the law library due to the COVID-19 pandemic and was repeatedly denied the legal materials that he requested.  As the Supreme Court has recognized, "COVID–19 is a highly contagious, dangerous, and . . . deadly disease."  *Biden v. Missouri*, __ U.S. __, 142 S. Ct. 647, 652 (2022).  Therefore, it was reasonable for BCDC to place restrictions on library access from 2020 to 2021.

With regard to Plaintiff's allegation that his requests for legal materials were intentionally and repeatedly denied, he claims that his efforts in defending *Knight I* were frustrated, but he does not describe any actual injury that resulted.  Review of that case reveals that Plaintiff filed his complaint in January 2021, Defendants filed motions to dismiss or for summary judgment in April and May of 2021 to which Plaintiff responded in May and November 2021, after being granted an extension of time to do so.  *Knight I* at ECF Nos. 1, 17, 23, 27, 33.  The responses filed by Plaintiff contain numerous citations to relevant rules, statutes, and case law.  *Id.* at ECF Nos. 27, 33.  Moreover, Plaintiff initiated the instant suit in September 2021, prior to issuance of this Court's ruling in *Knight I* on January 6, 2022.  *See* ECF No. 1; *Knight I* at ECF Nos. 34, 35.  At the time Plaintiff filed the Complaint in this case, he could not claim actual injury.  As there is no discernible injury suffered by Plaintiff, his access to courts claim fails.

## II.     Motion to Amend

On April 18, 2022, Plaintiff requested leave to file an Amended Complaint "to fix the defects described by the Defendants' Motion to Dismiss."  ECF No. 15.  In particular, Plaintiff seeks "to fulfill the . . . requirement showing that an arguable claim has been frustrated or impeded."  *Id.*  He provides no additional details to support his request; nor does he attach a proposed Amended Complaint.  *Id.*

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  F. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  F. R. Civ. P. 15(a)(2).

Rule 15 dictates that "[t]he court should freely give leave when justice so requires." *Id.* "Where the proposed amendment to the complaint appears to be a futility, however, this court has the discretion to deny leave to amend." *Pevia v. Wexford Health Source, Inc.*, Civil Action No. ELH-16-3810, 2018 WL 6271048, at *1 (D. Md. Nov. 30, 2018). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Id.* (citing *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.")).

Here, Defendants filed their Motion to Dismiss on March 4, 2022 (ECF No. 9), and Plaintiff acknowledged his receipt of the document by March 22, 2022 (ECF No. 13), yet he did not seek leave to amend his Complaint until more than 21 days later when he mailed his request on April 14, 2022 (*see* ECF No. 15-1). The Motion for Leave to File an Amended is therefore untimely. Further, Plaintiff did not obtain Defendants' consent to amend his Complaint and did not attach a proposed Amended Complaint for the Court's review. Therefore, his Motion shall be denied.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is granted. Plaintiff's request for discovery and Motion for Leave to File an Amended Complaint are denied.

A separate Order follows.


_____12.1.22_____                    _____/S/_____
Date                                        Julie R. Rubin
                                            United States District Judge